**Jack B. WINTERS, Appellant,**

v.

**Paul S. McNEILL, Jr., Director of Revenue, Respondent.**

No. 15867.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1989.

Motion for Rehearing or Transfer
Denied May 17, 1989.

Application to Transfer Denied
Aug. 1, 1989.

**750**

Jack B. Winters, Butler, pro se.

William L. Webster, Atty. Gen., Mary Browning, Sp. Asst., Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Jack B. Winters appeals from an order of the Circuit Court of Greene County affirming the revocation of his driver's license pursuant to § 577.041, RSMo 1986.[1] We affirm.

Henry R. Ellis testified that on August 6, 1987, he was employed as a police officer by the City of Grandview, Missouri. About 12:40 a.m. he was dispatched to the White Castle restaurant "at approximately 11900 Blue Ridge." The point to which Officer Ellis was dispatched is, he testified, located in the City of Grandview in Jackson County, Missouri. When Ellis arrived at the restaurant he found a pickup truck parked on the parking lot. The appellant was standing beside the pickup, urinating on the parking lot.

Ellis saw the appellant get in the pickup and drive to the "west access" [road] adjacent to U.S. Highway 71. The appellant drove south on the access road, which is a two-lane, one-way road running south. The appellant was driving very slowly,

---

**1.** At the time the defendant's license was revoked and at the time of the hearing upon the revocation of his license, § 577.041 read as follows:

> "**Refusal to submit to chemical test—revocation of license—hearing.**—1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year; or if the person arrested be a nonresident, his operating permit or privilege shall be revoked for one year; or if the person is a resident without a license or permit to operate a motor vehicle in this state, an order shall be issued denying the person the issuance of a license or permit for a period of one year.
>
> 2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on behalf of the arresting officer. At the hearing the judge shall determine only:
>
> (1) Whether or not the person was arrested;
>
> (2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and
>
> (3) Whether or not the person refused to submit to the test.
>
> 3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.
>
> 4. Requests for review as herein provided shall go to the head of the docket of the court."

"weaving across the left center line toward the guardrail area." The appellant "did this approximately two to three times." Ellis followed the appellant approximately two blocks. He then "[a]ctivated [his] emergency equipment, being red lights and siren," and pulled the defendant over. As Ellis approached the truck, the engine was still running. Ellis could smell the hamburger the appellant was eating, as well as "a strong odor of alcohol" coming out of the vehicle. Ellis asked the appellant to shut off his engine and step from the truck.

The appellant opened the door and "almost fell into the street, staggering." His clothing was disordered and he had urinated on the front of his trousers. He had a strong odor of alcohol about his person, his speech was "very slurred" and he was excited. Inasmuch as the appellant was having difficulty standing up, Ellis immediately took him in custody and advised him he was under arrest. Ellis handcuffed the appellant and took him to police headquarters. The appellant was asked to take a breathalyzer examination. He refused. His driver's license was thereafter revoked for a period of one year, and this proceeding followed.

■ In this court, the appellant has filed a *pro se* brief. By correspondence, appellant's attorney has explained that he was hospitalized when the brief was due, and the appellant completed the brief on the basis of discussions with counsel. The brief with which we have been furnished by the appellant does not conform to the requirements of Rule 84.04, particularly the requirement of paragraph (d) therein that the points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Counsel for the Director has attempted to answer the points which are coherently stated, but we are not required to consider and shall not consider points not properly briefed. Rule 84.13(a). Technical perfection is not required, but the "points relied on" in an appellant's brief should be written understandably and self-sufficient-

ly without need to resort to the transcript or other portions of the brief to come to an understanding of their meaning. We cannot act as an advocate to discover possible trial errors. *Haase v. Richmond*, 570 S.W.2d 341, 344 (Mo.App.1978).

■ Point IIA, as developed in argument, reads thus:

"II.

THE COURT ERRED IN NOT REINSTATING APPELLANTS DRIVING PRIVILEGE BECAUSE:

A. AN ARREST IS A REQUIREMENT OF RSMO. 577.041 AND IN THAT THE COURT MADE NO FINDING OF ONE THE SUPPLICANT WAS ENTITLED TO HIS DRIVER'S LICENSE.

In addition to the two case in 'POINTS' Appellant argues that this was brought up in the original Petition and (legal file page 1–para.4) further in Mr. Catt's Motion (legal file pages 12 & 13–para. a & b). Paragraph (a) (NO SUCH PLACE) is jurisdiction and paragraph (b) is the classic wrong ordinance as sec. 14–42(a)(4) shows one-ways excepted (legal file page 16).

The Court could not determine jurisdiction 'one way or another ...' (legal file page 18– 1.) and sans that the State fails.

Jurisdiction is never waived."

An inspection of the record makes it appear that the appellant is attempting to argue that no lawful arrest was made or that the trial court made no finding that a lawful arrest had been made. Court review of a revocation for failure to take a chemical breath test is a civil proceeding. *Delaney v. Missouri Dept. of Revenue*, 657 S.W.2d 354, 356 (Mo.App.1983). No findings of fact were requested before submission as required by Rule 73.01(a)(2), no findings were volunteered, and therefore all fact findings must be considered as having been found in accordance with the result reached. Rule 73.01(a)(2). Appellant seems to be suggesting that the arresting officer made an arrest outside the area of his authority. To sustain this contention,

this court would have to take judicial notice of the location of metropolitan streets. We cannot do so. *Kieffer v. City of Berkeley*, 508 S.W.2d 295, 296–97[2, 3] (Mo.App.1974). We decline to pursue the point further.

■ Another point, coherent enough to be cognizable in this court is that the appellant was denied the right to counsel provided by Rule 37.13. Officer Ellis testified that he was unsure whether he asked the appellant if he wanted to make a phone call, but Ellis did specifically recall that the appellant did not indicate he wished to call anyone. The appellant testified that he asked to make a phone call but was not allowed to do so, having been told that he could call only after he took a breathalyzer test. The appellant did not testify that he specifically asked to call an attorney. In a revocation proceeding under § 577.041 the determination of fact issues and the resolution of conflicts in the testimony was primarily a matter for the trial court. Rule 73.01(c)(2); *Rains v. King*, 695 S.W.2d 523, 524 (Mo.App.1985); *State v. Powers*, 690 S.W.2d 859, 860 (Mo.App.1985). Upon the evidence presented the trial court could have found that the appellant was not denied access to counsel.

Another point advanced by the appellant is that the State failed to show compliance with the statutorily prescribed procedures for the administration of breathalyzer tests. This argument has neither merit nor relevance as no test was administered.

■ The appellant further maintains that the arresting officer did not articulate his reasons for requiring the appellant to submit to a breathalyzer test. Section 577.041.1 requires that an arresting officer who requests a person to submit to a chemical test to determine blood alcohol "include the reasons ... for requesting the person to submit to [the] test." Our Supreme Court has held that the statute requires the officer to inform the arrestee of the consequences of refusing to submit to the examination as well as why the test is being administered. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). Officer Ellis testified that he arrested the appellant and took him to police headquarters. Ellis testified that thereafter:

"A. At police headquarters, I advised him of his rights per Miranda and also advised him of the Missouri implied consent warning.

Q. Do you recall specifically what you told him about taking a Breathalyzer?

A. I advised him that, if I felt that he was under the—If I had reason to believe that he was under the influence of intoxicating liquor, that I had the right to ask him to take a Breathalyzer examination.

Q. Did you tell him anything else?

A. I also told him that, if he refused to take the Breathalyzer, that his driving privileges could be suspended or revoked for a period of one year.

Q. Did you tell him anything else?

A. I advised him that, if he refused to take the Breathalyzer, that I would cite him for driving under the influence regardless.

Q. All right. Where did you tell him all of this?

A. In the booking room at 1200 Main Street.

Q. What was his response to your request to take a Breathalyzer?

A. Quote, unquote, 'I'm not taking any of your fucking tests.' "

There was testimony to the contrary, but the trial court was at liberty to accept Ellis' testimony. There is a record basis for believing that the appellant received the warning to which he was entitled.

Having reviewed the record as required by Rule 73.01(c), we affirm the judgment of the trial court.

FLANIGAN, P.J., and PREWITT, J., concur.