Gregory A. **VINSON**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. 19493.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 23, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

CROW, Judge.

Gregory A. Vinson ("Vinson") was notified that the Director of Revenue ("Director") was revoking Vinson's driving privilege because Vinson refused to submit to a chemical test on December 24, 1993, to determine his "blood alcohol content."

Vinson filed a petition for a hearing per § 577.041, RSMo Cum.Supp.1993, which reads, in pertinent part:

"1. ... The request of the arresting officer ... shall inform the person ... that his license shall be immediately revoked upon his refusal to take the test....

4. ... At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

5. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.

...."

The trial court held a hearing and thereafter found:

"1. That [Vinson] was arrested ... on December 24, 1993.

2. That the arresting officer did not have reasonable grounds to believe that [Vinson] was driving a motor vehicle while in an intoxicated condition at a time immediately prior to the officer's arrest of [Vinson]."

The trial court entered judgment ordering Director to reinstate Vinson's driver's license.

Director appeals, presenting one point relied on:

"**The court below erred in setting aside the revocation of [Vinson's] driving privilege because he was properly subject to revocation, in that the uncontroverted evidence reflected the [sic] there were reasonable grounds to believe [Vinson] was driving while intoxicated.**"

■ Although the point may have merit, we need not address it. In the trial court, Director has the burden of proving the three issues set forth in § 577.041.4(1)–(3), *supra. Delaney v. Missouri Department of Revenue,* 657 S.W.2d 354, 356[1] (Mo.App.S.D. 1983); *Askins v. James,* 642 S.W.2d 383, 385–86[1] (Mo.App.W.D.1982). If any issue is determined by the trial court not to be in the affirmative, the arrestee's driving privilege shall be reinstated. § 577.041.5, *supra.*

■ The recent case of *Bennett v. Director of Revenue,* 889 S.W.2d 166 (Mo.App. W.D.1994), mandates a negative finding on issue three. *Bennett,* like the instant case, involved the 1993 version of § 577.041.1. 889 S.W.2d at 168. Earlier versions of § 577.041.1 required only that the arresting officer inform the arrestee "that his license *may be revoked* upon his refusal to take the test." The 1993 version requires an arrestee to be informed "that his license *shall be immediately revoked* upon his refusal to take the test."

Due to this change, *Bennett* held an arresting officer's request that an arrestee submit to a chemical test must clearly convey the message that the arrestee's license shall be immediately revoked upon refusal to take the test. *Id.* at 171. Failure to do so means the arrestee cannot "make the informed decision contemplated by the General Assembly on whether to refuse the test." *Id.* at 171.

The arresting officer in *Bennett* told the arrestee that if she refused to take the test the Director "could revoke" her license for a year. *Id.* at 167. *Bennett* held this did not comply with the warning requirement of

§ 577.041.1, hence the revocation could not stand. *Id.* at 171.

Here, the officer's request of Vinson to undergo a chemical test was virtually identical to that in *Bennett*. The officer, using a form,[1] advised Vinson of the "Implied Consent" law and asked him to submit to the test. The officer informed Vinson that his license "might be revoked" if he refused. Vinson's response, said the officer, was, "I am refusing to take this test." The officer's testimony:

"Q. ... Did you offer again ... after he initially refused?

A. I explained to him. I—I told him, 'You're telling me you don't want to take the test, and you understand the Implied Consent?'

And he said, 'Yes, I do.'

Q. What did you tell him would happen if he didn't take the test?

A. I again explained to him that his driver's license might be revoked if he failed to take the test."

Applying *Bennett*, we hold the officer's failure to clearly convey to Vinson that his operating privilege would be immediately revoked upon refusal to take the test prevented Vinson from making an informed decision on whether to take it. Therefore, Vinson's decision to forgo the test did not constitute a refusal within the meaning of § 577.041.4(3).

The trial court, having found the issue in § 577.041.4(2) not to be in the affirmative, never reached the issue in § 577.041.4(3). However, under *Bennett*, the record here supports only a negative finding on that issue.

The judgment of the trial court ordering Director to reinstate Vinson's driver's license is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

1. Apparently, the form was based on an earlier version of § 577.041.