**Michael Gregory MULLEN,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Appellant.**

No. 65948.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, for respondent/appellant.

Daniel V. O'Brien, St. Louis, for petitioner/respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from a trial court judgment granting petitioner's petition for review and reinstating his driving privileges. We reverse and remand.

The Director sustained her revocation of petitioner's operating license, pursuant to § 302.505, RSMo Supp.1993, and § 302.525, RSMo Supp.1993, following an administrative hearing in which the Director found that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was 0.10% or more by weight. The record

reveals that on October 9, 1993, petitioner was arrested by Officer Schlottach of the Florissant Police Department pursuant to 15–149, a county or municipal alcohol-related ordinance. The arrest was based upon the petitioner's speed and other observations by the arresting officers including an odor of alcoholic beverages. After a request, petitioner submitted to a chemical test which determined his blood alcohol content to be 0.11% by weight.

Petitioner sought a trial *de novo* review in the circuit court. Under stipulated facts, the only issue was whether petitioner was properly advised under Missouri's "Implied Consent Law", § 577.020, RSMo 1986, and § 577.041.1, RSMo Supp.1993, before he submitted to a chemical test. The circuit court held petitioner was not properly advised and ordered his operator's license reinstated.

Section 577.020.1, RSMo 1986, provides that any person who operates a motor vehicle upon the public highways of Missouri is deemed to have given consent to various tests for the purpose of determining the alcohol content of his blood if arrested for a driving offense in which there exists reasonable grounds to believe were committed while driving intoxicated. Despite the implied consent contained in the foregoing section, § 577.041.1, RSMo Supp.1993, permits a driver to refuse any of the tests. When an arresting officer requests a driver to submit to one of the tests:

> The request of the arresting officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may be used against him and *that his license shall be immediately revoked upon his refusal to take the test.* (Emphasis added).

§ 577.041.1, RSMo Supp.1993.[1] This section has been "more consistently read as providing a resource for the state in the prosecution of drunk driving cases rather than creating a 'right' for an arrested motorist to refuse the test." *State v. Trumble,* 844 S.W.2d 22, 24 (Mo.App.W.D.1992).

Although the record on this appeal is sparse, it is sufficient to determine that the circuit court found that petitioner had not been properly advised by his arresting officer of the consequences of refusing to submit to a requested test as required by § 577.041.1, RSMo Supp.1993. The deficiency of the notice cited by the court was that the petitioner was informed that refusal to submit to the test "may" result in the immediate revocation of his operating license rather than the statutory language that refusal "shall" result in immediate revocation.

On appeal, the Director asserts "[t]he court below erred in setting aside the suspension on the grounds that the 'implied consent' warning used the wording 'may' instead of 'shall' because [petitioner] was not prejudiced thereby,...." We agree.

■ The circuit court's holding is premised on the assumption that use of the more speculative term "may" rather than the more obligatory term "shall" rendered the notice misleading and, thus, rendered the consent unknowing. However, "[i]t would emasculate these laws which have been enacted for the protection of those who use the highways from intoxicated drivers to hold that a refusal to submit to a chemical test *must be knowing.*" *Trumble,* 844 S.W.2d at 25 (quoting *Cartwright v. Director of Revenue,* 824 S.W.2d 38, 41 (Mo.App.1991)) (emphasis added). In some instances, less than perfect notice is sufficient to uphold the statutory requirement. *See, generally, Trumble,* 844 S.W.2d at 25–26; *Cartwright,* 824 S.W.2d at 40–41.

■ The use of the word "may" instead of "shall" in the notice could potentially be misleading in its implication that the consequences of failing to submit to a test will not necessarily be the suspension/revocation of driving privileges. The harm, if any, in using the word "may" is that it could potentially influence a driver *not to submit to a test* (against his interest) since the consequences

---

1. A 1993 amendment to this section substitutes "shall be immediately revoked" for "may be re-      voked."

of refusal are not believed to be certain.[2] Here, however, petitioner *submitted to the test.* The potential harm of the alleged misleading notice did not occur; petitioner was not prejudiced by the alleged deficiency of the notice. *See Frank v. Dept. of Licensing,* 71 Wash.App. 585, 859 P.2d 1248, 1250 (Div. 3 1993) ("If the [implied consent] warning was inaccurate, the question is whether the driver was prejudiced."); *see, also, generally, People v. Diestelhorst,* 253 Ill.App.3d 867, 193 Ill.Dec. 24, 625 N.E.2d 1145 (4 Dist.1993).

The judgment of the circuit court ordering the Director to reinstate petitioner's operating license is reversed, and the cause is remanded with direction to reinstate Director's revocation of petitioner's driving privileges.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**2.** Petitioner attempts to construct a greater risk of harm by noting he was not informed of the consequences of submitting to the chemical test. However, nothing in Missouri's "Implied Consent Law" "requires the arresting officer to inform the defendant of the multiplicity of conse-

quences which might occur if the driver submits to the examination." *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo. banc 1985); *see, also, Barnhart v. McNeill,* 775 S.W.2d 259 (Mo. App.1989).