Otis D. WOMACK, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 51974.

Missouri Court of Appeals,
Western District.

Jan. 14, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Chris Jorden, Waltz & Jordan, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

The court below set aside the revocation of Respondent Otis D. Womack's driving privileges because the arresting officer failed to notify him that those driving privileges would be revoked immediately upon his refusal to submit to a chemical test of his breath, as required by *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995). During the pendency of this appeal, the Supreme Court overruled *Logan* and upheld a license revocation based on a warning by the officer which did not use the word "immediately" but which did make clear that the license would definitely be revoked if the test were refused. *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996). Applying the reasoning of *Teson* here requires us to reverse and remand the circuit court's decision.

**I. *FACTUAL AND PROCEDURAL BACKGROUND***

By stipulation of the parties, the facts are taken from the Alcohol Influence Report ("AIR") form filled out by police officer Donald L. Elkins at the time that he arrested Mr. Womack for driving while intoxicated. On that form Officer Elkins indicated that he had read Mr. Womack the implied consent form warnings contained on the form and had requested that Mr. Womack take a chemical test of his breath, but that Mr. Womack had refused to consent to the test. The warnings on the form do not state that the arrestee's driver's license will be revoked immediately upon refusal to consent to the test, but rather that the revocation will occur immediately upon the Director's receipt of notice of the refusal, stating:

> You are under arrest for driving while intoxicated. To determine the alcohol/drug content of your blood, I am requesting you submit to a chemical test of your breath. If you refuse to take the test, I must file a sworn affidavit to the

Director of Revenue who shall immediately revoke your drivers license for one year. Evidence of your refusal to take the test may be used against you in prosecution in a court of law. Having been informed of the reasons for requesting the test, will you take the test?

Because Mr. Womack refused the test, Officer Elkins issued Mr. Womack a Notice of Suspension/Revocation of Your Driving Privilege. Mr. Womack filed a petition for review of that revocation. The circuit court set aside the revocation based on our decision in *Logan*, 906 S.W.2d at 890–91. This appeal by the Director followed.

## II. STANDARD OF REVIEW

█ A trial court's decision in a case involving revocation of a driver's license for refusal to take a chemical test must be affirmed unless there is no substantial evidence to support the decision, the decision is contrary to the weight of the evidence, or the trial court erroneously declared or applied the law. *Bennett v. Director of Revenue*, 889 S.W.2d 166 (Mo.App.1994).

## III. MR. WOMACK WAS NOT PREJUDICED BY FAILURE TO INFORM HIM THAT HIS LICENSE WOULD BE REVOKED IMMEDIATELY UPON HIS REFUSAL TO TAKE A CHEMICAL TEST

█ This appeal turns on the correct interpretation and application of Section § 577.041.1, RSMo 1994. That section states that when arresting a person for driving while intoxicated, the arresting officer *"shall inform the person ... that his license shall be immediately revoked upon his refusal to take the test."* § 577.041.1. Mr. Teson argues, and the court below found, that the officer failed to comply with this statute because he simply told Mr. Teson that his license would be revoked immediately upon the Director's receipt of the officer's affidavit, whereas under the statute the license is revoked immediately upon refusal to take the test. The Director of Revenue argues that the language used by the officer adequately informed Mr. Womack of the consequences of his refusal to submit to the chemical test,

and that in any event the revocation should not be set aside because Mr. Womack had not shown any prejudice from any slight deviation from the statutory language.

Since the decision below, the Missouri Supreme Court has specifically held that a failure to use the word "immediately" in the warning will require setting aside of the revocation only if the arrestee can show prejudice from this variance from the statutory language, stating:

> When the arresting officer fails to use the words of the statute in reciting the warning, the test to determine whether an arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning was so deficient as actually to prejudice the arrestee's decisionmaking process.

*Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996) (emphasis added).

The Supreme Court held that no such prejudice occurred in the case of Mr. Teson, because despite the omission of the word "immediately" from the warning given to him he still unequivocally learned that his license would be revoked if he refused the test. The Court further held that the fact that Mr. Teson "was not told that loss would occur in the next instant is of little moment when one considers the certainty of the loss." *Id.* In so holding, the Court expressly overruled this Court's earlier decision in *Logan*.

*Teson* controls our decision in this case. Here, as in *Teson*, Mr. Womack has not shown any prejudice resulting from the failure to notify him that his license would be revoked immediately upon his refusal to take a breath test. He was told of the certainty of the loss of his driving privileges if he refused to consent to the test. That provided an adequate basis to revoke his license. Accordingly, we find that the trial court erred in setting aside the revocation. We reverse and remand for proceedings in accordance with this opinion.

All concur.