**Charles SANCHEZ, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 52999.

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

---

Jeremiah W. Nixon, Attorney General, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

Appellant notified Respondent that his driver's license would be revoked because he refused to take a chemical test to ascertain his blood alcohol content. Respondent filed a petition for review. Both parties stipulated to submitting the cause on the record.

Judge Romano sustained the petition, finding that the Respondent was not informed his license would be "immediately" revoked because he refused to take the chemical test.

The appellant subsequently filed this appeal.

For its sole point relied on, the appellant alleges that Judge Romano erred in setting aside the revocation. The respondent was accurately advised his license would be revoked even though the specific language of § 577.041.1 was not used by the officer. Under § 577.041.1, the arresting officer "shall inform the person ... that his license shall be immediately revoked upon his refusal to take the test."

The trial judge acknowledged this was a case under "*Logan*", and made his ruling following *Logan*.

In *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995), the court set aside the revocation of driving privileges because the arresting officer failed to inform the driver that his license would immediately be revoked because he refused the chemical test. During the pendency of his appeal, *Logan* was overruled by *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996). In *Teson*, the Supreme Court upheld the license revocation based on the warning of the police officer that did not include "immediately." However, the warning left no doubt that the license would be revoked if the test was refused.

In *Teson*, the Supreme Court held the failure to use the exact statutory word "immediately" would require vacating the revocation only if the arrestee demonstrates that he has been prejudiced because the exact statutory language was not used.

The court stated:

When the arresting officer fails to use the words of the statute in reciting the warning, the test to determine whether the arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning was so deficient as actually to prejudice the arrestee's decision making process.

*Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996).

The instant case is now controlled by *Teson*, not *Logan*. The respondent has not demonstrated any prejudice to himself because the officer failed to use the exact wording of the statute.

The cause is reversed and remanded for the trial court to reinstate the revocation of respondent's driving privileges.

All concur.