David TUTTLE, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. WD 52868.

Missouri Court of Appeals,
Western District.

Feb. 11, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Jeffrey D. Sayre, Green City, for Respondent.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

On July 22, 1995, Sergeant Jeff Brown of the Macon, Missouri, Police Department arrested David Tuttle for driving while intoxicated. Sergeant Brown then transported Mr. Tuttle to the Macon County Sheriff's Department, where he read Mr. Tuttle the warnings on Department of Revenue Form 2389:

> You are under arrest for driving while intoxicated. To determine the alcohol-drug content of your blood, I am requesting you submit to a chemical test of your breath. If you refuse to take the test, I must file this sworn affidavit to the Director of Revenue who shall revoke your driver's license for one year. Evidence of your refusal to take the test may be used against you in prosecution in a court of law. Having been informed of the reasons for requesting the test, will you take the test?

Mr. Tuttle refused to submit to a test of his blood alcohol content. Subsequently, Mr. Tuttle was notified by the Director of Revenue that his driver's license was going to be revoked for a period of one year, beginning August 6, 1995, for failing to submit to a chemical test pursuant to § 577.041, RSMo 1994.

On August 4, 1995, Mr. Tuttle filed a petition for review of the proposed revocation. Following a hearing, the trial court entered an order permanently enjoining the Director from revoking Mr. Tuttle's license on the basis of his July 22, 1995, refusal to submit to a chemical test. The trial court based its order on Sergeant Brown's failure to inform Mr. Tuttle that his license would be "immediately" revoked, citing *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995).

In *Logan*, this court set aside a revocation of driving privileges because, although the arresting officer informed the driver that refusing to submit to a chemical test would result in the revocation of his driver's license, the arresting officer did not convey the message that the revocation would be immediate. 906 S.W.2d at 889–90. The holding in *Logan* was based upon § 577.041.1, which requires a law enforcement officer who arrests a person for driving while intoxicated to inform that person "that his license shall be immediately revoked" upon his refusal to take the chemical test.

In her sole point on appeal, the Director argues that the trial court's order should be reversed in light of *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc). In *Teson*, the Missouri Supreme Court overruled *Logan*, holding that a law enforcement officer's failure to inform a driver that his license would be revoked "immediately" would render a subsequent revocation of his driving privileges invalid only if the driver establishes that he was actually prejudiced by that failure. 937 S.W.2d at 197. Mr. Tuttle has not made such a showing in the case at bar.

The case before us is now controlled by *Teson*, and as Mr. Tuttle has failed to demonstrate that he was prejudiced by Sergeant Brown's failure to state that his driving privileges would be immediately revoked, the trial court erred by granting relief to Mr. Tuttle. *Sanchez v. Director of Revenue*, 936 S.W.2d 891 (Mo.App.W.D.1997).

The judgment of the trial court is reversed, and the cause is remanded to the trial court for entry of orders denying Mr. Tuttle's petition for review and dissolving the injunction preventing the Director of Revenue from revoking Mr. Tuttle's driving privileges.

All concur.