**Kim D. JORDAN, Petitioner/Respondent,**

**v.**

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 69486.

Missouri Court of Appeals,
Eastern District,
Division One.

March 11, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Frederick H. Schwetye, Union, for petitioner/respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the judgment reinstating petitioner's driving privileges. We reverse and remand.

Petitioner's driving privileges were suspended after he refused to submit to a chemical test to determine his blood-alcohol content. § 577.041, RSMo 1994. The trial court subsequently granted his petition for review, finding that Director had failed to

prove that petitioner had been warned his license would be "immediately" revoked as required by *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App. W.D.1995). The court further found that petitioner was not informed of the mandatory effect of his refusal.

On appeal, Director contends petitioner was adequately informed of the consequences of refusing to submit to the test. We agree. This case is controlled by the recent decision of the Missouri Supreme Court, *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. 1996). Petitioner was warned: "If you refuse to take the test(s), I must file a sworn affidavit with the Director of Revenue who shall revoke your Drivers License for one year." This warning unambiguously informed petitioner that he would lose his driving privileges if he refused to take the test. *Teson*, 937 S.W.2d at 198. Petitioner's decision-making process was not prejudiced by the omission of the word "immediately" from the warning. *Id.* Thus, we reverse the judgment reinstating petitioner's driving privileges and remand for entry of an order denying petitioner's petition for review.

Reversed and remanded.