**Dennis George MOORE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 69335.

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 1997.

1. All statutory references are to RSMo 1994.

2. Driver had rear-ended a vehicle stopped for a red traffic signal. When asked for his license, driver produced an expired 15–day driving permit from a prior driving-while-intoxicated offense.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Kevin Robert Kelly, Hazelwood, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of the County of St. Louis reinstating Dennis George Moore's ("driver's") driving privileges, which had been revoked pursuant to RSMo § 577.041.[1] We reverse and remand.

Driver was arrested on December 8, 1994, for driving while intoxicated.[2] The arresting officer requested driver take a breathalyzer test to determine his blood alcohol content ("BAC"), informing him that if driver refused to take the test the officer would have to "file a sworn affidavit to the Director of Revenue who shall revoke your Driver's License for one year." [3] The officer advised driver of the warning twice. Driver refused to take the test, and, consequently, his driving privileges were revoked by Director.

Driver then petitioned for a trial *de novo.* The parties agreed to submit the case on the records. On October 4, 1995, the trial court set aside the revocation, finding:

3. The officer's warning tracked the implied consent portion of the Department of Revenue's Form 2389.

... [driver] was not clearly informed that his driver's license would be immediately revoked upon refusal to take the test as required by *Logan v. Director of Revenue,* [906 S.W.2d 888 (Mo.App. W.D.1995) ].[4]

Director appeals to this court.

On appeal Director argues the trial court erred in setting aside the revocation of driver's license as the warning read to him by the arresting officer accurately informed driver of the consequences of his refusal to take a chemical test. The Missouri Supreme Court recently addressed what manner of warning is required by RSMo § 577.041.1 to ensure drivers make informed decisions as to whether to submit to chemical testing. *See Thomas J. Teson v. Director of Revenue, State of Missouri,* 937 S.W.2d 195 (Mo.1996). While the Court held that officers should track the language of the statute when warning drivers of the consequences of refusing to submit to a chemical test, it also stated that an officer's failure to do so did not necessarily mandate reinstating a driver's driving privileges. 937 S.W.2d at 196. Rather, the Court announced when such was the case,

> the test to determine whether an arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning was so deficient as actually to prejudice the arrestee's decision-making process.

*Id.* at 196. In so holding, the Supreme Court rejected the approach taken in *Logan* and overruled that opinion. *Id.* at 198.

In *Teson,* the arresting officer read the driver the implied consent law warning printed on the Department of Revenue's Form 2389 three different times. *Id.* at 196. The warning states in part:

> If you refuse to take the test(s), I must file a sworn affidavit to the Director of Revenue who shall revoke your Driver's License for one year.

*See id.* The Court found that, although the arresting officer's warning did not technically comply with RSMo § 577.041.1 because it

omitted the word "immediately," the warning given to the driver unequivocally and unambiguously informed him his license would be revoked if he refused to submit to a chemical test. *Id.* at 198. "... [The arresting officer's] words guaranteed a certain loss of the driving privilege upon refusal to submit to the chemical test." *Id.*

In the instant case, as in *Teson,* the officer who arrested driver read him the implied consent warning contained in the Department's Form 2389. The officer read this warning to driver two different times. On appeal, driver offers no evidence to show he was misled in any way with respect to the consequences of his refusal to take the test.[5] Thus, as "... we are unable to perceive any prejudice that resulted from omission of the word 'immediately[,]' " *id.,* we reverse the order of the trial court and remand so the court may enter the appropriate orders sustaining Director's revocation of driver's driving privileges.

Based on the foregoing, the judgment of the trial court is reversed and remanded.

---

4. In *Logan,* the Western District held an arresting officer's warning, while not required to track the language of RSMo § 577.041.1, should nonetheless provide "unequivocal notice that the revocation would occur as soon as [the driver] refused the test...." 906 S.W.2d at 890.

5. Driver did not file a brief with this court.