### John Richard CHRIN, Plaintiff–Respondent,

v.

### DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

### No. 21212.

Missouri Court of Appeals,
Southern District,
Division One.

April 11, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, for appellant.

No appearance for respondent.

PREWITT, Judge.

Following the suspension of his driving privileges, Plaintiff–Respondent sought trial de novo under § 302.535, RSMo 1994. The trial court entered judgment ordering that the suspension be set aside and Plaintiff's driving privileges restored. The court determined that testimony of the arresting officer that he told Plaintiff that his driver's license "can be revoked" if Plaintiff refused a test to determine Plaintiff's blood-alcohol content was insufficient under § 577.041, RSMo 1994, and this Court's holding in *Vinson v. Director of Revenue*, 892 S.W.2d 330 (Mo.App. 1995).

Since the judgment, entered July 30, 1996, two relevant decisions have been written, *Teson v. Director of Revenue*, 937 S.W.2d 195

(Mo. banc 1996), and *Eyberg v. Director of Revenue,* 935 S.W.2d 376 (Mo.App.1996). Appellant Director of Revenue contends that under those holdings, the trial court erred.[1]

In *Eyberg.* this District determined that there was no prejudice by a defective warning because the driver submitted to the test. 935 S.W.2d at 378. Plaintiff here likewise submitted to the test. *Teson* tells us that the question is whether the warning was so deficient as to prejudice the driver's decision-making process. 937 S.W.2d at 196. As Respondent submitted to the test there was no prejudice to him.

In *Mullen v. Director of Revenue,* 891 S.W.2d 562, 563–64 (Mo.App.1995), use of "may" instead of "shall" was held not to prejudice a driver who submitted to the test. There is little difference between "can," as used here, and "may." *See* RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 302 (2d ed. 1987) ("can and may are frequently but not always interchangeable in senses indicating possibility").

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment denying Plaintiff the relief sought.

BARNEY, P.J., and GARRISON, J., concur.

---

1. Plaintiff-Respondent has not filed a brief in this Court. Although there is no penalty for failure to file a brief, this leaves the Court to decide the case without the benefit of Respondent's authorities and contentions. *Pool v. Director of Revenue,* 936 S.W.2d 195, 196 n. 1 (Mo.App.1996); *Fitzgerald v. Director of Revenue,* 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).