**Michael L. THOMPSON, Respondent,**

v.

**STATE OF MISSOURI DIRECTOR OF REVENUE, Appellant.**

No. WD 53252.

Missouri Court of Appeals,
Western District.

June 30, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Julia N. Hosmer, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Daniel R. Carter, Warrensburg, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

PER CURIAM.

On stipulated facts, the trial court entered a judgment in favor of the driver, Thompson, after the Director had entered a one year revocation of driving privileges for Thompson's failure to submit to a chemical test pursuant to § 577.041, RSMo 1994[1]. The only issue in circuit court was, under § 577.041.4(3), "[W]hether or not the person refused to submit to the test." The stipulation was, "... the arresting officer, did *not* convey to Petitioner that his operating privileges would be *immediately* revoked upon refusal to take the test ...". (Emphasis added). Section 577.041.1 requires the arresting officer to inform the driver that his or her license shall be immediately revoked for failure to take a chemical test. The court's judgment found the failure to use the word "immediately" in the warning prevented Thompson "from making an informed decision with regards to whether or not to take the test."

The Director has appealed. Thompson has not filed a brief. After the appeal was filed, the Supreme Court handed down *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996). *Teson* struck down *Logan v.*

*Director of Revenue*, 906 S.W.2d 888 (Mo. App.1995), which had supported the trial court's decision in the case at bar. *Teson*, 937 S.W.2d at 198. *Teson* held a warning, like the one in this case, which did not contain the word "immediately" contained no equivocation or ambiguity, and "guaranteed a certain loss of the driving privilege upon refusal to submit to the chemical test." *Id.* at 198. The Court said that absent a showing of actual prejudice by the driver, a warning which follows the statutory language for the warning except for the word "immediately," will suffice for revocation under the statute. *Id.*

There is no showing of any actual prejudice to Thompson for the officer's failure to use "immediately" in the warning. Following *Teson*, the judgment of the trial court is reversed and the cause is remanded to dissolve the stay order entered by the trial court and to deny Thompson's petition for review.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.