**Martha Faune NELSON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 53199.

Missouri Court of Appeals, Western District.

June 30, 1997.

836

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald Pridgin, Sp. Asst. Atty. Gen., Jefferson City, for Appellant.

Daniel Carter, Warrensburg, for Respondent.

· Before BERREY, P.J., and SPINDEN and SMART, JJ.

BERREY, Presiding Judge.

The Director of Revenue revoked respondent Martha Nelson's driver's license after she refused to submit to a chemical test to determine her blood alcohol concentration. Respondent filed a petition for review. The trial court entered a stay order and later, after a hearing, sustained respondent's petition, reinstating her driving privileges. The Director appeals, claiming in a single point that respondent was not prejudiced by the warning given to her by the arresting officer. Reversed.

Mike Haynes, a deputy sheriff in Johnson County, Missouri, arrested respondent for driving while intoxicated on January 15, 1995. Deputy Haynes read respondent a warning informing her that her license "shall" be revoked for one year if she refused to take the test. The warning did not include language contained in section 577.041.1, RSMo 1994 that her license "shall be immediately revoked." Respondent refused and her license was revoked. She challenged the revocation at a hearing held on July 12, 1996. Both parties stipulated that Deputy Haynes arrested respondent based upon probable cause and that he determined that respondent was intoxicated before transporting her to the police station where he read the Miranda and Implied Consent warnings to her. Pursuant to section 577.041.5, RSMo 1994, the trial court found that respondent did not refuse to submit to the test and reinstated her license. The trial court so found because "the arresting officer did not convey to. [respondent] that her operating privileges would be immediately revoked." This appeal followed.

In a case involving the revocation of a license for refusal to take a chemical test, the decision of the trial court must be affirmed unless there is no substantial evidence to support the decision, the decision is contrary to the weight of the evidence, or the trial court erroneously declared or applied the law. *Bennett v. Director of Revenue*, 889 S.W.2d 166, 168 (Mo.App.1994). When reviewing the revocation of a license, the trial court must determine 1) whether the person was arrested; 2) whether the arresting officer had reasonable grounds to believe the person was driving while intoxicated; and 3) whether the person refused to submit to testing. Section 577.041.4, RSMo 1994. The sole issue before us is whether respondent refused to submit to a chemical test.

So that a person makes an informed decision when determining whether to submit to a test, it is up to the arresting officer to provide the information set out in section 577.041.1, which reads in part:

The request of the arresting officer shall include the reasons of the officer for re-

questing the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may be used against him and that his license shall be immediately revoked upon his refusal to take the test.

This court has previously interpreted this statute to mean that a person must not only be informed that his or her license shall be revoked upon refusal to take a test but also that revocation will occur immediately. *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995). The court noted that the arresting officer need not use the exact wording of the statute, but the officer must convey the message that a person's license shall be revoked on the spot. *Id.* at 890. Here, although the trial court did not cite *Logan*, it clearly relied on that case in making its determination.

*Logan* was overruled by *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996). In *Teson*, the Supreme Court upheld a license revocation even though the arresting officer's warning did not notify the motorist of the immediacy of the revocation. The court held that "the test to determine whether an arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning was so deficient as actually to prejudice the arrestee's decision-making process." *Id.* at 196. The court determined that Teson was not prejudiced because the officer's warning made it clear that his license would be lost if he refused the test. *Id.* at 198.

Appellant argues for reversal because Deputy Haynes' warning was unambiguous and did not prejudice respondent's decision making. According to respondent, *Logan* applies because it was the controlling law when the trial court entered its order. Respondent argues that she was prejudiced by the inaccurate warning given to her. We agree with appellant that *Teson* controls our decision here, not *Logan*. *See Tuttle v. Director of Revenue*, 938 S.W.2d 317, 318 (Mo. App.1997). We hold that the warning given to respondent did not prejudice her.

Respondent further argues she was prejudiced because the underlying issues for the factual determination that she refused to submit to the test were never reached. She suggests that the legal file is incomplete because it lacks certain Department of Revenue records. However, respondent has not demonstrated the relevance of these allegedly missing records. In any event, this argument must fail because she stipulated at the hearing that she was offered the opportunity to take the test and that she refused it.

For the foregoing reasons, we find that the trial court erred in reinstating respondent's license. The trial court's judgment is reversed and the cause is remanded to the trial court for an order denying respondent's petition for review.