**Stanley Lee KING, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 53093.**

Missouri Court of Appeals, Western District.

Sept. 9, 1997.

As Modified Sept. 30, 1997.

**313**

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept of Revenue, Jefferson City, for Apellant.

Jeffrey D. Sayre, Green City, for Respondent.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

On September 16, 1995, Officer Renee K. Brinkley of the Chillicothe, Missouri, Police Department arrested Stanley Lee King for operating a motor vehicle in an intoxicated condition. Subsequently, King was notified that his driver's license would be revoked for a period of one year, beginning October 2, 1995, because of his alleged refusal to take a chemical test to determine his blood alcohol content near the time of his arrest.

King filed a petition for review of the proposed revocation on September 27, 1995. Following a hearing, the trial court entered an order permanently enjoining the Director from revoking King's license on the basis of his alleged refusal to submit to a chemical test for alcohol in violation of § 577.041, RSMo 1994. The trial court based its order on Officer Brinkley's failure to inform King that the revocation would be "immediate," citing *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App. W.D.1995).

In *Logan*, this court set aside a revocation of driving privileges because, although the arresting officer informed the driver that refusing to submit to a chemical test would result in the revocation of his driver's license, the arresting officer did not convey the message that the revocation would be immediate. 906 S.W.2d at 889–90. The holding in *Logan* was based upon § 577.041.1, which requires a law enforcement officer who arrests a person for driving while intoxicated to inform that person "that his license shall be immediately revoked" upon his refusal to take the chemical test.

In her sole point on appeal, the Director argues that the trial court's order should be reversed in light of *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo. banc 1996). In *Teson*, the Missouri Supreme Court overruled *Logan*, holding that a law enforcement officer's failure to inform a driver that his license would be revoked "immediately" would render a subsequent revocation of his driving privileges invalid only if the driver establishes that he was actually prejudiced by that failure. 937 S.W.2d at 196.

The Director correctly argues that *Teson* now controls in determining the validity of a revocation of driving privileges when

an officer fails to tell a driver that his license shall be revoked immediately if he refuses a chemical test. However, we are unable to answer the question of whether King was actually prejudiced by that failure because the Director has not provided this court with the evidence necessary to make that determination. In fact, the Director has provided virtually no record for this court to review.

The transcript for the hearing on the petition for review indicates that the parties stipulated to the facts as presented in Officer Brinkley's Alcohol Influence Report. This report was not marked as an exhibit nor offered into evidence, but the court did make a statement that it "received the stipulated facts into evidence." Presumably, the trial court based its findings on the facts contained in the report. However, the Alcohol Influence Report was not attached to the transcript, nor was it included in the legal file.

 The Director was responsible for filing the transcript and preparing the legal file, " 'so that the record on appeal contains all the evidence necessary for determination of questions presented to the appellate court for decision. Rule 81.12.' " *State v. Christina,* 911 S.W.2d 319, 320 (Mo.App. W.D.1995) (quoting *Sydnor v. Director of Revenue,* 876 S.W.2d 627, 628 (Mo.App. W.D. 1994)). The Director has not provided us with a sufficient record to determine the issue she raises on appeal. Neither the transcript nor the legal file contain any evidence regarding the circumstances surrounding the alleged refusal to take the chemical test. We have no way of knowing what Officer Brinkley actually told King prior to the alleged refusal.

The record seems to indicate that the issue of prejudice was not joined because it was not necessary under *Logan,* which prevailed at the time of the hearing. Fairness would allow respondent an opportunity to present evidence on the issue.

Reversed and remanded for a new trial.

All concur.