STATE of Missouri, Respondent,

v.

Derrick CALDWELL, Appellant.

No. WD 49609.

Missouri Court of Appeals,
Western District.

Aug. 15, 1995.

Jason Ginsberg, Asst. Public Defender, Kansas City, for appellant.

Claire C. McCaskill, Pros. Atty., Peggy E. Gustafson, Asst. Pros. Atty., Jackson County, Kansas City, for respondent.

Before FENNER, C.J., and
BRECKENRIDGE and ELLIS, JJ.

FENNER, Chief Judge.

Derrick Caldwell appeals from his conviction, after a jury trial, of driving while intoxicated, section 577.010, RSMo 1994[1] and of driving while revoked, section 302.321. Caldwell was judged to be a prior offender pursuant to sections 558.011.1(4) and 560.011 and sentenced to consecutive terms of six months imprisonment on each count.[2] Caldwell contends that: (1) the trial court erred in admitting a copy of his driving record as a business record under section 490.680, because the State failed to comply with the statutory requirements for admission; and (2) the trial court erred in sustaining the State's objection to and excluding testimony of a defense witness concerning the inoperable condition of the driver's side door of Caldwell's automobile.

On February 7, 1994, at approximately 1:00 a.m., Police Officer Phillip Hopper was refueling his police car outside the sector he normally patrols. On his way back to his sector he observed a car being driven without its headlights on. Officer Hopper pulled behind the car and gave the license number to his dispatcher. Officer Hopper then stopped the car. After the car had come to a

---

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

2. Caldwell does not challenge his status as a prior offender as charged in the information against him and determined by the trial court.

stop, all three occupants of the vehicle immediately exited the car and started walking away from Officer Hopper. The driver of the car exited from the driver's side of the vehicle. Officer Hopper never took his eyes from the driver after the driver's exit from the car. Officer Hopper ordered the three persons to stop. He noticed that the individual that he had identified as the driver was swaying and staggering. He noticed that the driver, Derrick Caldwell, had a strong odor of alcohol about his person; his eyes were watery and bloodshot. Caldwell was belligerent, swearing at the officer and hurling profanity and racial epithets at him. Caldwell repeatedly denied being the driver of the car. When Officer Hopper asked Caldwell for his driver's license, Caldwell told the officer that he did not have one. He refused to take field sobriety tests requested by the officer. Officer Hopper read Caldwell his Miranda[3] rights and the Missouri Implied Consent Law. Caldwell was asked to take a chemical or breath test. He refused.

At trial, Caldwell's brother, Marty Young and his friend, Priscilla Rush, testified on Caldwell's behalf. Caldwell also testified. Young testified that he woke his brother up earlier on the night in question to see if he could borrow Caldwell's car in order to get something to eat. He testified that Caldwell gave him his keys and decided to go along. Priscilla Rush also went along. Young stated that the driver's side door of Caldwell's car did not work and that the three of them had to enter the car by way of the passenger side. Young also testified that he, not Caldwell, was the driver of the car that evening. Both Caldwell and Rush testified to essentially the same set of facts. The defense also called an investigator from the Public Defender's Office, Kenneth Dozier, to testify. However, the State objected to Dozier's proposed testimony and the trial court sustained the State's objection. Caldwell was found guilty and now appeals his convictions.

■ In Point I, Caldwell contends that the trial court erred in admitting his driving record into evidence over his timely hearsay objection. Caldwell claims that the State failed to comply with the necessary statutory

requirements for admitting the driving record as a business record. Caldwell reasons that the State would not have been able to prove beyond a reasonable doubt that he had been driving while his license was revoked without the admission of his driving record. Under his first point, Caldwell challenges only his conviction and sentence on the charge of driving while revoked.

The State concedes that the record on appeal contains no indication that the State complied with the seven day notice requirement contained in section 490.692. The State further concedes that Caldwell's objection to the admission of his driving record was sufficient to preserve the issue of admissibility under Goodloe v. Director of Revenue, 838 S.W.2d 506 (Mo.App.1992). However, the State argues that although the record might have been admitted erroneously, this does not mean that Caldwell should be discharged from his conviction for driving while revoked because (1) even without the record there was sufficient evidence upon which the trier of fact could have convicted Caldwell and (2) Caldwell cites no legal basis for the proposition that he is entitled to discharge.

The trial court did err in allowing the admission of Caldwell's driving record into evidence. Section 490.692.2 provides:

No party shall be permitted to offer such business records into evidence pursuant to this section unless all other parties to the action have been served with copies of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.

■ The provisions of section 490.692.2 cannot be disregarded. Every word, clause, sentence, and section of a statute should be given meaning. Hadlock v. Director of Revenue, 860 S.W.2d 335, 337 (Mo. banc 1993). The statute is clear; the State must provide copies of the records to be introduced along with a copy of the affidavit required by section 490.692.1 to a defendant at least seven days before trial in order to introduce business records under section 490.692. This the State did not do. It is therefore undeniable that the trial court erred in admitting Cald-

**3.** Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

well's driving record into evidence. Furthermore, without his driving record there was no evidence to show that Caldwell was driving while his license was revoked. Caldwell did advise the arresting officer that he did not have a driver's license but such an admission does not prove that Caldwell's driving privileges had been revoked. Caldwell's admission would be sufficient to show that he was driving without a valid license in violation of section 302.020. However, Caldwell was not charged with this offense nor was it submitted to the jury.

Caldwell's conviction for driving while revoked is not supported by the record without the admission of his driving record. Therefore, the admission of his driving record was prejudicial and his conviction for driving while revoked is reversed.

■ In Point II, in addition to challenging his conviction for driving while revoked, Caldwell also challenges his conviction for driving while intoxicated.[4] In Point II, Caldwell claims that the trial court erred in sustaining the State's objection to and excluding the testimony of defense witness Dozier and that he was unfairly prejudiced by not being allowed to call a witness to testify in his defense. Dozier is an investigator for the Office of the Public Defender. After he was sworn and seated, the State objected to his proposed testimony on the basis that he had not been disclosed as a witness by the defense. The prosecutor stated that she had talked with defense counsel about the witnesses he was going to call and that he provided her with the names and addresses of defense witnesses, who had in fact testified, but did not tell her that he was going to call Dozier. In response to her question as to whether there were any other names, defense counsel said no. Defense counsel pointed out that the State had not filed a request for discovery and that he had no duty of disclosure. The trial court sustained the State's motion saying, "Counsel, you told her who you were going to call, and you didn't tell her about this person. And that includes this person as a witness. We don't play those kind of games." The trial court

allowed the defense to make an oral offer of proof. In his offer of proof, defense counsel stated:

Judge, I would expect Mr. Dozier to testify that he's an investigator for the Public Defender's Office, and that he's been employed for I don't know how long. But he would testify how long he has been employed with the Public Defender's Office.

He will testify as to his qualifications as an investigator and somebody who knows what to look for when investigating the case. I do not know what the qualifications are, but they would be there and I would ask that that be part of the offer of proof.

At this time, Judge, I was going to ask Mr. Dozier, does he recognize the photo of the automobile. This would be Defendant's Exhibit No. 4. I was going to ask Mr. Dozier if he recognized this, and he would say, "Yes, I do."

And I would go, "Why?"

And he would go, "Because I took the picture."

I'd go, "Is this a fair and accurate representation of the picture you took?"

And he would go, "Yes."

I would just put this back here and show it to the jury. It's already been admitted into evidence, Judge. He would testify that he took that picture.

Then I would ask Mr. Dozier if he recognizes this picture, what's marked Defendant's Exhibit 7. I imagine his response would be "Yes, I took the picture."

I would ask him if this is a fair and accurate depiction of the picture. His response would be yes.

I would ask him if this door works.

His response would be, "I tried to open that door. There are no mechanical methods to open that door. That door does not open."

After that I would—that would be my offer of proof, Judge.

4. Since Point I is dispositive as to Caldwell's conviction for driving while revoked, we address this point only as it relates to the conviction for driving while intoxicated.

Caldwell relies upon *State v. Gilmore,* 797 S.W.2d 802 (Mo.App.1990), and *Foote v. Hart,* 728 S.W.2d 295 (Mo.App.1987), to support his contention that discovery was not required in the instant case as the State failed to make a written request for discovery. Assuming *arguendo* that Caldwell is correct in his assertion, he nonetheless fails to demonstrate how the trial court's ruling in any way was prejudicial to him besides his bald assertion that the exclusion of the proposed testimony was fundamentally unfair. *See, e.g., United States v. Atkins,* 487 F.2d 257 (8th Cir.1973) (even if circumstances did not call for exclusion of witness in response to sequestration violation, there is no prejudicial error in rejecting testimony that is merely cumulative). The proposed testimony outlined in the offer of proof was at best cumulative to testimony offered by all of Caldwell's other witnesses. The even greater and unsurmountable difficulty with the proposed testimony is that it does not appear to be relevant to any issue in the case. There is no indication that Dozier's testimony related to the condition of Caldwell's automobile on the night he was apprehended by Officer Hopper. In fact, there is no indication of when the car was examined and thus the proposed testimony has no probative value as to the issue of whether Caldwell could have exited from the driver's side of the car or not on the night in question. Point II is denied.

The judgment of the trial court finding appellant guilty of driving while revoked is reversed and appellant is ordered discharged from said conviction. The judgment of the trial court finding appellant guilty of driving while intoxicated is affirmed.

All concur.