**Richard G. KLADKY, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Defendant–Appellant.**

No. 69359.

Missouri Court of Appeals, Eastern District, Division One.

March 4, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant.

William E. Albrecht, St. Louis, for plaintiff-respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the order of the St. Louis County Circuit Court reinstating the driving privileges of Richard G. Kladky (Driver) after they had been revoked by the Director because of Driver's refusal to submit to a chemical test. We reverse and remand for entry of an order denying the petition for review and vacating the stay preventing Director from revoking Driver's privileges.

Officer Clayton of the Hazelwood police department pulled over Driver in a traffic stop after observing Driver's improper lane usage. The officer smelled the odor of alcohol on Driver and decided to conduct field sobriety tests. Driver could not recite the alphabet correctly and failed the walk-and-turn test. The officer arrested Driver for driving while intoxicated.

Driver was taken to the Hazelwood police station and advised by the officer that pursuant to § 577.041 RSMo 1994, if he refused to consent to a breath analysis test, his driving privileges shall be revoked. Driver refused to submit to a breath analysis test. Director subsequently revoked Driver's driving privileges. Driver filed for review of the revocation in the St. Louis County Circuit Court. The court relied on *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App. W.D. 1995), and found that petitioner was not adequately advised of the consequences of refusing to take the test because the officer did not state that Driver's driving privileges would be *immediately* revoked. The court then reinstated Driver's privileges.

Director appeals, claiming that the officer's statement that Driver shall lose his driving privileges was sufficient to advise Driver of the statutory consequences of his refusal to submit to the breath test. In light of the Supreme Court's recent decision in *Teson v. Director of Revenue*, 937 S.W.2d 195 (Mo.banc 1996), we agree. When the arresting officer fails to use the words of the statute in reciting the warning, the test to determine whether an arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning is so deficient as to actually prejudice the arrestee's decision-making process. *Id.* at 197. We find that Officer Clayton's warning to Driver unequivocally and unambiguously informed Driver of the certain loss of his driving privileges should he refuse the test. That being the case we find that Driver's decision-making process was not prejudiced by the officer's omission of the word "immediately" in the warning. We therefore find that the trial court erred in reinstating Driver's privileges and reverse and remand with directions to deny Driver's petition for review and dissolve the stay preventing Director from revoking his driving privileges.