**Donald Steven MOORE, Petitioner–Respondent,**

v.

**Jeanette LOHMAN, Director of Missouri Department of Revenue, Respondent–Appellant.**

No. 21750.

Missouri Court of Appeals, Southern District, Division One.

Feb. 19, 1998.

Jeremiah W. Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent-Appellant.

No brief filed by Respondent.

PREWITT, Judge.

The trial court set aside Appellant's decision to revoke Respondent's driver's license for one year for failure to take a breathalyzer test. Appellant presents one point, stating:

The trial court's decision to set aside the revocation of Respondent's driving privilege because the state failed to prove that the arresting officer issued a temporary

permit and notice form, Form 4323, to Respondent is error in that (A) Respondent was not prejudiced because Respondent did receive notice of the revocation and timely appealed, and (B) proof that the arresting officer issued Form 4323 to Respondent is not required to sustain a revocation for refusal to submit to the breathalyzer.

The point and Appellant's brief ignore the finding of the trial court that the arresting officer also "failed to give Petitioner notice that his license would be immediately revoked upon his refusal" to take the breathalyzer test. Petitioner denied that he was so informed. The arresting officer, although apparently told to do so, did not appear in court. This finding alone justified the trial court's action.

Section 577.041.1, RSMo 1994 (since amended, see RSMo Supp.1997), requires in part that the driver be informed "that his license shall be immediately revoked upon his refusal to take the test." Failure to inform the driver of all the consequences of refusal to take a chemical test to measure blood-alcohol content prevents the Director of Revenue from revoking his driver's license based upon the refusal. *Cates v. Director of Revenue*, 943 S.W.2d 281, 283 (Mo.App.1997); *Kladky v. Director of Revenue*, 940 S.W.2d 34, 35 (Mo.App.1997). There was a sufficient basis for the trial court's ruling based upon the failure to properly notify Respondent of the consequence of the failure to take the test.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.