Randy A. ZIMMERMAN,
Petitioner/Appellant,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Respondent.

No. 74429.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1999.

Before HOFF, P.J., GARY M. GAERTNER, and RHODES RUSSELL, JJ.

ORDER

Joseph V. Neill, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Petitioner, Randy Zimmerman, appeals from the trial court's judgment sustaining the revocation of his driver's license pursuant to Section 577.041 RSMo (1994). Petitioner contends that the trial court erred in sustaining the revocation of his license because respondent, the Director of Revenue (the director), failed to meet her burden of proof that petitioner's refusal of the chemical test was voluntary, intentional and informed because the only trial testimony was that the police officer read petitioner the Missouri Implied Consent Law from a form, but the state did not put the form into evidence or adduce evidence that the officer gave the warnings required by Section 577.041.1. We affirm on the grounds that petitioner waived any claim that the specific warnings were not in evidence because he admitted without qualification or objection that an officer had read the Missouri Implied Consent Law to him, thus tacitly admitting that the warnings required by Section 577.041.1 were given to him.

The facts viewed in the light most favorable to the state are as follows: About midnight on February 20, 1997, Officer Carman, a police officer for the city of Brentwood, was traveling eastbound on Highway 40 near McKnight. She witnessed a red Cadillac weaving across the road and followed the car as it exited off of Highway 40 and proceeded south on Hanley Road. The Cadillac continued to weave back and forth and almost hit another car. Officer Carman activated her emergency lights, but the Cadillac failed to stop for about another half a mile. Officer Carman shined her lights in the Cadillac prior to stopping it and noticed that the driver was drinking something.

After stopping the Cadillac, Officer Carman approached the vehicle and noticed a liquid substance on the console and wet spots on the driver's pants. Officer Carman also observed what appeared to be vomit on the driver's pants and shoes once he had been asked to exit the vehicle. In response to questioning the driver stated that he had been drinking earlier in the evening, but not recently. Driver allowed Officer Carman to look in his car where she found a bottle of mouthwash. The driver refused to do field sobriety tests, explaining to the officer that he was an attorney and knew how that process worked. Officer Carman placed the driver, the petitioner in this case, under arrest for driving while intoxicated and took him to the Brentwood police station.

Officer Carman advised petitioner of his Miranda rights at the police station and then read "the Missouri Implied Consent Law" to petitioner. Officer Carman believed she had read the implied consent law "off of the form." Petitioner admitted that "the Missouri Implied Consent Law" was read to him. Both the officer and petitioner testified that petitioner refused to take the breathalyzer test.

The director notified petitioner that his driving privileges would be revoked for one year. Petitioner filed a petition for review and stay of his license revocation. The circuit court found that petitioner had been arrested upon probable cause to believe that he had committed an alcohol-related traffic offense and refused to submit to a chemical breath test. The court sustained the revocation of petitioner's license pursuant to Section 577.041 RSMo (1994).

■ We review this appeal under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Duffy v. Director of Revenue*, 966 S.W.2d

372, 376 (Mo.App.1998). We must affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it *erroneously declares or applies the law. Id.* At a court hearing to review the license revocation, the director has the burden of proof. McMaster v. Lohman, 941 S.W.2d 813, 815–16 (Mo.App.1997).

Missouri statutes require that, if a person under arrest for driving while intoxicated refuses to submit to a breathalyzer test, evidence of the refusal is admissible into evidence. Section 577.041.1 RSMo (1994). The arresting officer's request "shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may be used against him and that his license shall be immediately revoked upon his refusal to take the test." *Id.* This warning satisfies due process unless the words used either (1) fail to inform the arrestee of all the consequences of refusal or (2) mislead the arrestee into believing that the consequences of refusal are different than the law actually provides. Teson v. Director of Revenue, 937 S.W.2d ·195, 197 (Mo. banc 1996). Uninformed decisions are non-consensual. *Id.* No refusal is valid if the arresting officer omits statutorily necessary information. *McMaster,* 941 S.W.2d at 816.

A person whose license has been revoked may petition for court review under Section 577.041.4. At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

*Id.* If the judge finds any issue not to be in the affirmative, the judge is required to order the director to reinstate the license. Section 577.041.5.

The court found that petitioner refused to take the test. The evidence supporting this finding was that the arresting officer testified, without objection, that she read the Missouri Implied Consent Law to petitioner from "the form" and that petitioner refused to take the breathalyzer test. In addition, petitioner admitted on cross-examination that the Missouri Implied Consent Law was read to him and that he refused the breathalyzer test. Petitioner, who was represented by an attorney, did not object to the use of the term "Missouri Implied Consent Law" in the question and did not seek any qualification or clarification of the term. When the police officer testified that she read the Implied Consent Law to him, petitioner likewise did not cross-examine her about what she meant by that term or "the form." Further, petitioner did not object ·to the evidence of refusal on the grounds that the refusal was involuntary or obtained without proper warnings. Petitioner did not raise the issue until closing argument when he argued that the court could not infer that the proper warnings were given without specific reference in the record to what the "Missouri Implied Consent Laws" were.

Courts, attorneys, and police commonly refer to giving the warnings required by Section 577.041.1 as "reading the Implied Consent Law" to someone. Our appellate courts have routinely used the term "reading" or "advising of" the "implied consent law" to refer to reading the warnings contained in Section 577.041. *See, e.g. McMaster,* 941 S.W.2d at 816–17; Wilmoth v. Director of Revenue, 903 S.W.2d 595, 597–600 (Mo.App. 1995). *See also* Knipp v. Director of Revenue, 984 S.W.2d 147 (Mo.App.1998); Baker v. Director of Revenue, 945 S.W.2d 589, 589–90 (Mo.App.1997); Eggleston v. Lohman, 954 S.W.2d 696, 697 (Mo.App.1997); State v. Wessel, 950 S.W.2d 14, 15 (Mo.App.1997); State v. Caldwell, 904 S.W.2d 81, 82 (Mo.App. 1995); Wall v. Holman, 902 S.W.2d 329, 330 (Mo.App.1995). Our decisions also reflect that the phrase "reading the Implied Consent Law" is also used by attorneys and police officers to refer to giving the warnings contained in Section 577.041. *See, e.g. McMaster,* 941 S.W.2d at 816, n. 2; Hawk v. Director of Revenue, 943 S.W.2d 18, 20 (Mo. App.1997); Hatfield v. Director of Revenue, 907 S.W.2d 207, 209 (Mo.App.1995).

Petitioner's admission that the Implied Consent Law was read to him was a tacit admission that the warnings required by Section 577.041.1 were given to him. Because petitioner did not contest the meaning of the Implied Consent Law at trial, the court could properly treat as admitted that the statutory warnings were given to petitioner. Woods v. Moffitt, 225 Mo.App. 801, 38 S.W.2d 525, 528 (Mo.App.1931); Allen v. Purvis, 30 S.W.2d 196, 200 (Mo.App.1930). On appeal a party cannot demand the formal proof of facts which were practically and in theory admitted in the trial court. *Allen*, 30 S.W.2d at 200; *see also* Honey Creek Drainage Dist. v. Farm City Inv. Co., 326 Mo. 739, 32 S.W.2d 753, 756 (1930); Martin v. Graham Ship–By–Truck Co., 176 S.W.2d 842, 845–46 (Mo.App. 1943). By admitting, without objection or clarification, that the Implied Consent Law was read to him, petitioner waived his claim to more explicit proof of the contents of the warnings.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.