**Michael D. BUCKLEY, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. ED 75215.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1999.

Frank A. Anzalone, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for appellant.

KENT E. KAROHL, Judge.

Michael Buckley (Driver) appeals from the judgment sustaining the Director of Revenue's (Director) revocation of his driving privileges pursuant to section 577.041, RSMo Cum.Supp.1997,[1] after Driver refused a breathalyzer test. We affirm.

On December 21, 1997, Driver was operating his vehicle in St. Louis County when he was stopped by a St. John police officer for weaving. The officer arrested Driver for driving while intoxicated. Driver refused to submit to any field sobriety tests. Driver also refused to submit to a breathalyzer test to determine his blood alcohol content. Director revoked Driver's driving privileges.

After the revocation, Driver filed a petition for a trial de novo as allowed by section 302.535, RSMo Cum.Supp.1998. The hearing on the petition was held on November 6, 1998. At that time, Director offered the Alcohol Influence Report (Form 2389) prepared by the arresting officer. The court admitted the report. Driver offered his testimony and disputed that the officer had ever given him the Implied Consent warnings. The court entered judgment in favor of Director, sustaining the revocation of Driver's driving privileges.

1. This statute was later amended in 1998.

Driver now appeals, contending that the Director failed to offer substantial evidence that he refused the breathalyzer test because Driver testified the officer never gave him the required warnings under the Implied Consent Law, section 577.041. He contends his refusal was not a "statutory refusal."

■ Section 577.041.1 provides that an officer's request to submit to a breathalyzer test "shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may be used against him and that his license shall be immediately revoked upon his refusal to take the test." These warnings have been called the "Implied Consent Law" or "Implied Consent Warning." This warning is sufficient unless the words either: (1) fail to inform the driver of all the consequences of refusal; or (2) mislead the driver into believing the consequences of refusal are different than the law actually provides. *Teson v. Director of Revenue*, 937 S.W.2d 195, 197 (Mo. banc 1996). A refusal is not a valid "statutory refusal" if the arresting officer omits statutorily necessary information. *McMaster v. Lohman*, 941 S.W.2d 813, 816 (Mo.App. W.D. 1997).

■ Here, Driver testified that the arresting officer never informed him of the Implied Consent Law. However, in the Alcohol Influence Report which was admitted into evidence, the arresting officer certified that he did inform Driver of the provisions of Implied Consent Law. The officer checked boxes on the Report, which will support findings of statutory compliance on the following:

1. You are under arrest for driving while intoxicated.

2. To determine the alcohol/drug content of your blood, I am requesting you submit to a chemical test of your Breath.

These changes do not apply in this case.

3. If you refuse to take the test(s), your driver's license shall immediately be revoked for one year.

4. Evidence of your refusal to take the test(s) may be used against you in prosecution in a court of law.

5. Having been informed of the reasons for requesting the test(s), will you take the test?

■ The warnings as outlined in the Report are sufficient to satisfy the statute. *Whitaker v. Director of Revenue*, 943 S.W.2d 279, 280 (Mo.App. E.D.1997). We will affirm the trial court's findings and the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining if there is substantial evidence, we defer to the ability of the trial court to ascertain the facts and to judge the credibility of the witnesses. *Thurmond v. Director of Revenue*, 759 S.W.2d 898, 899 (Mo.App. E.D.1988). The trial court is afforded wide discretion even if there is evidence in the record which would support a different result. *Id.* Furthermore, the trial court may accept or reject all, part or none of the testimony of any witness. *Id.; Hawk v. Director of Revenue*, 943 S.W.2d 18, 20 (Mo.App. S.D. 1997). Driver's testimony would have supported an opposite result. See, *Moore v. Lohman*, 962 S.W.2d 917 (Mo.App. .S.D. 1998). But here, the trial court was not required to believe Driver's testimony and could properly rely upon the Alcohol Influence Report, which indicated the arresting officer had given Driver the proper warnings. Point denied.

We affirm.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.