### Frank W. WRIGHT, Plaintiff–Respondent,

v.

### DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.

No. 24001.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Virginia W. Lay, Asst. Atty. Gen., Kansas City, for appellant.

No appearance for respondent.

RAHMEYER, Judge.

This is an appeal by Missouri's Director of Revenue ("Appellant") from a judgment restoring driving privileges for Frank W. Wright ("Wright"). Appellant revoked Wright's driving privileges for a period of one year based on a determination that Wright refused to submit to a chemical test of his blood alcohol concentration. There were no witnesses at the trial. We affirm.

■ The trial court's reinstatement of driving privileges that have been revoked by the Director of Revenue for refusing to consent to a chemical test will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Lyons v. Director of Revenue*, 36 S.W.3d 409, 411 (Mo.App. E.D.2001). In a revocation proceeding for refusal to submit to a breath test, the trial court shall determine: (1) whether the person was arrested; (2) whether the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while intoxicated; and (3) whether the person refused to submit to the test. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App. E.D.2000). *See also* § 577.041.4.[1]

Section 577.041.1 requires that an officer's request to submit to a breathalyzer test "shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that

evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test." *See Teson v. Director of Revenue*, 937 S.W.2d 195, 196 (Mo. banc 1996); *Buckley v. Director of Revenue*, 4 S.W.3d 152, 153 (Mo. App. E.D.1999). These warnings have been called the "Implied Consent Law" or "Implied Consent Warning." *Id.*

■ At trial, no witnesses were produced. Appellant relied on an "Exhibit A." There is no document entitled "Exhibit A" in the legal file on appeal, nor were any exhibits filed with this court. Documents that appear to be police reports, subpoenas and a notice of license revocation are in the legal file. These documents are listed in the index to the legal file as "Exhibit 1 from 10/31/00 Hearing." In the Appellant's Statement of Facts his brief states, " [t]he Director introduced Exhibit A, which consisted of Department of Revenue records of Mr. Wright's arrest for driving while intoxicated and refusal to submit to a BAC test. (L.F. 14–25, Tr 3–4)" with a footnote. The footnote states, "Due to the micro-fiche copying, part of Exhibit A is difficult to read. For the court's information, a blank sample Alcohol Influence Report is attached, to determine the text and its corresponding boxes."

One piece of paper in the legal file appears to be a page of an Alcohol Influence Report; however, it is virtually illegible. We cannot review this document to determine if the required warnings were given. The transcript does not indicate that the trial judge was given a blank sample Alcohol Influence Report. Appellant relies upon the illegible document to support its argument that the implied consent warnings were given. The trial court found the evidence was insufficient to show that any Springfield police officer informed Wright

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

of the specific rights and consequences of his decision to refuse to submit to a test to measure the alcohol content of his breath, blood or urine. We agree.

It was Appellant's decision to proceed to trial without witnesses and on the basis of the written record. We can not fault the trial judge for finding that Appellant failed to meet its burden when the written record is incomplete and illegible. It is the Appellant's burden to provide a record on appeal that allows meaningful review. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 554 (Mo.App. E.D. 1997). Without such a record, nothing is preserved for review. *Id.* The judgment is affirmed.

BARNEY, C.J., and PREWITT, J., concur.