**Stephen J. GIBSON, Respondent,**

v.

**DIRECTOR OF DEPARTMENT OF REVENUE, Appellant.**

**No. WD 61662.**

Missouri Court of Appeals, Western District.

April 29, 2003.

James Artelle Chenault III, Jefferson City, for Appellant.

Edward Alan Williams, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

The director of the Department of Revenue appeals the circuit court's judgment ordering her to remove from Stephen J. Gibson's driving record a one year revocation of his driving license for driving while intoxicated on the ground that he refused to take a chemical breath test. The circuit court found that, because the implied consent warning on the alcohol influence report was illegible, the evidence was insufficient to establish that the police officer gave Gibson the implied consent warning. We reverse the circuit court's judgment.

On February 16, 2002, Cass County sheriff's deputy Robert Hendricks saw a car parked in the median of Mo. 7. The car's engine was running and the transmission was in "drive." Gibson appeared to be asleep in the driver's seat behind the steering wheel. Hendricks knocked several times on the car's window, but Gibson did not respond. Hendricks opened the driver's door and detected a very strong odor of intoxicating beverages. Hendricks put the transmission in "park" and woke Gibson by shouting at and shaking him. Aroused, Gibson said, "Ok, ok, alright." Gibson then pushed the turn signal up and down while pressing three times on the accelerator. Hendricks turned off the vehicle's engine and removed the keys. He told Gibson to get out of the vehicle. Gibson responded, "Alright, alright, ok." He pulled on the turn signal lever and stepped on the accelerator again. Hendricks removed Gibson from the vehicle, but Gibson was not able to walk without Hendricks' assistance. Hendricks handcuffed Gibson's wrists, put him in his patrol car, and

took him to the sheriff's office. When Hendricks checked law enforcement records, he found that Gibson's driving privilege was under a "10 year denial" until October 7, 2006. At the sheriff's office, Hendricks informed Gibson of his basic constitutional rights and read the "Implied Consent portion of the Alcohol Influence Report" to him. Gibson refused to submit to a breath test.

To revoke a driving license on the ground that a driver has refused to submit to a chemical test, the director must establish that: (1) a qualified law enforcement officer arrested or stopped the driver, (2) with reasonable grounds to believe that the driver was driving while intoxicated, and (3) the driver refused to submit to a chemical test. Section 577.041.4, RSMo Supp.2001; *Zimmerman v. Director of Revenue*, 988 S.W.2d 583, 585 (Mo.App. 1999). If the director fails to establish one of these requirements, the driver's driving privileges must be reinstated. Section 577.041.5; *Zimmerman*, 988 S.W.2d at 585.

The evidence established that a qualified law enforcement officer arrested Gibson with reasonable grounds to believe that he was driving while intoxicated. The issue in this case is whether the evidence established the third element—whether Gibson refused to submit to the test. When an officer requests a driver to submit to a test, the requesting officer shall include "the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used

against such person and that the person's license shall be immediately revoked upon refusal to take the test." Section 577.041.1. The director must establish that the arresting officer properly informed the driver to prove that the driver's refusal to take the blood alcohol test warrants revocation of his license. *Kidd v. Wilson*, 50 S.W.3d 858, 863 (Mo.App.2001).

In proving her case, the director introduced Department of Revenue's records, which contained Hendricks' report and an alcohol influence report. The implied consent warning on the alcohol influence report was illegible. The circuit court erred, however, in concluding that, because the document was illegible, the director did not make a *prima facie* case.

In *Wright v. Director of Revenue*, 50 S.W.3d 344, 345–46 (Mo.App.2001), this court's southern district found that, where the director offered an "incomplete and illegible" alcohol influence report to establish that an officer gave the implied consent warnings, the director failed to provide a record on appeal that allowed for meaningful review. In Gibson's case, however, the director did not rely solely on the alcohol influence report to establish that Hendricks read the implied consent warnings to Gibson. The director also submitted Hendricks' "Offense/Incident Report" in which Hendricks said that he had "read Mr. Gibson ... the Implied Consent portion of the Alcohol Influence Report."

Gibson did not object to the director's offer of the records as evidence.[1] Gibson

---

1. After the close of the evidence, Gibson did object to the records on the ground that the records were illegible: "I would note that it doesn't appear that there was—I, I mean, my copy is not all that good. I can't tell if, you know, if it was the-there wasn't a proper implied consent with regards to chemical refusal, because I can't read these—I can't read

the report so my objection would be at this point that we don't know whether this gentleman was given the right implied consent warning for a chemical refusal because we can't read what's on here.... I just note—just flipping through the records I just noticed that so I–I'm no[t] sure what he signed and whether or not he was given the correct im-

merely responded to the offer, "No objection."

In *Zimmerman*, a police officer testified that she read the implied consent warnings "off of the form," and the driver admitted that " 'the Missouri Implied Consent Law' was read to him." 988 S.W.2d at 584. The driver, however, did not object to or seek clarification regarding the contents of the warnings. The court concluded:

> Because petitioner did not contest the meaning of the Implied Consent Law at trial, the court could properly treat as admitted that the statutory warnings were given to petitioner.... On appeal a party cannot demand the formal proof of facts which were practically and in theory admitted in the trial court.... By admitting, without objection or clarification, that the Implied Consent Law was read to him, petitioner waived his claim to more explicit proof of the contents of the warnings.

*Id.* at 586. By not objecting to Hendricks' report, stating that he "read Mr. Gibson ... the Implied Consent portion of the Alcohol Influence Report," Gibson waived his claim to more explicit proof of the contents of the implied consent warnings.

Moreover, the records established that Gibson's driving privileges "were currently under a 10 year denial active through 10–07–2006." This court has previously concluded that a driver whose license was revoked at the time he was arrested for driving while intoxicated is not prejudiced by any defects in the implied consent warning. *See Lorton v. Director of Revenue*, 985 S.W.2d 437, 442 (Mo.App.1999), and *State v. Fisher*, 945 S.W.2d 70, 73 (Mo.App.1997). Even had

plied consent just because I can't read what's on here. And that would be my objection."

he not been given proper warnings, we would conclude that Gibson was not prejudiced because he was not eligible to obtain a driving license for more than four years from the date of his arrest.

We, therefore, reverse the circuit court's judgment and remand to the circuit court for entry of a judgment denying Gibson's petition for review.

RONALD R. HOLLIGER, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.

This objection, however, was not timely.