Daniel SCHROEDER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 83781.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 13, 2007.

Cheryl A. Caponegro Nield, James A. Chenault III, Jefferson City, MO, for appellant.

John F. Newsham St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

This case involves a traffic stop. The Director of Revenue (hereinafter, "the Director") revoked Daniel Schroeder's (hereinafter, "Respondent") driving privileges for refusing to submit to a chemical test. After requesting and receiving a trial de novo, the trial court reinstated Respondent's driving privileges because the Director failed to make a prima facie case. The only issue presented in this case is whether Respondent was informed properly regarding the Implied Consent Law before he refused to submit to a breath test. We reverse.

On December 23, 2001, Officer Michael G. Defoe (hereinafter, "Officer") of the Town and Country Police Department observed Respondent straddling two lanes while driving, swerving into one lane, and violating the speed limit. Officer stopped Respondent and questioned him as to whether he had consumed alcoholic beverages. Respondent replied, "Yes." Officer placed Respondent under arrest for driving while intoxicated and read him the Missouri Implied Consent Law. Respondent refused to take the test, and accordingly, his driving privileges were revoked pursuant to Section 577.041 RSMo (2000).[1] Respondent filed a petition for review of his revocation on January 4, 2002.

Trial was held on September 12, 2003. The Director of Revenue (hereinafter, "the Director") submitted the case on the records pursuant to Section 302.312 RSMo. Respondent then submitted the case to the court without presenting any additional evidence.

In its judgment, the trial court found Officer had probable cause to arrest Respondent. However, it also found that the records submitted to the court regarding the administration of the implied consent warnings were illegible and insufficient to determine whether Respondent was informed properly about the implied consent warnings. Hence, the trial court found insufficient credible evidence to support the fact Respondent refused to submit to a breath test and ordered Respondent's driving privileges to be reinstated. This appeal follows.

The Director claims the trial court erred in setting aside Respondent's revocation because no substantial evidence supports the ruling. The Director believes the evidence is uncontroverted that Officer read the Implied Consent Law from the alcohol influence report in compliance with Section 577.041.1 RSMo, and Respondent waived his claim to more explicit proof by failing

1. All further statutory references are to RSMo (2000) unless otherwise noted.

to object to the introduction of the evidence at trial.

■■■ We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal. *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App. W.D.2000).

■■■ In a refusal case, the Director has the burden of establishing a prima facie case, pursuant to Section 577.041.4. The Director must demonstrate that: (1) the person was arrested or stopped; (2) the officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated condition; and (3) the person refused to submit to the test. Section 577.041.4; *Hockman v. Director of Revenue*, 103 S.W.3d 382, 384 (Mo.App. W.D.2003). If the Director makes a prima facie case,

> the driver is entitled to present rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results. The rebuttal evidence should challenge the presumption of validity established by the director's prima facie case; but the driver's burden is one of production—not persuasion. The director retains the burden of proof throughout the proceeding.

*Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 546 (Mo. banc 2003). Conversely, if the Director fails to make a prima facie case, it will result in the reinstatement of driving privileges. *Nightengale v. Director of Revenue*, 14 S.W.3d 267, 269 (Mo.App. W.D.2000).

In a similar case, the driver in *Gibson v. Director of Dept. of Revenue*, 103 S.W.3d 378 (Mo.App. W.D.2003), had his driving privileges revoked for refusing to take a breath test after being informed of the Implied Consent Law. The driver received a trial de novo, and the trial court reinstated his driving privileges, finding the implied consent warning on the alcohol influence report was illegible. *Id.* at 379.

In its opinion, the Western District compared *Gibson* to *Wright v. Director of Revenue*, 50 S.W.3d 344, 345–46 (Mo.App. S.D. 2001); the Southern District found that "where the director offered an 'incomplete and illegible' alcohol influence report to establish that an officer gave the implied consent warnings, the director failed to provide a record on appeal that allowed for meaningful review." *Gibson*, 103 S.W.3d at 379. The Director in *Wright* relied solely on the alcohol influence report; in *Gibson*, the Director, as in this case, also submitted the "Offense/Incident Report" in which the arresting officer wrote he had read the implied consent portion of the alcohol influence report. *Id.* Since the driver failed to object to the Director's offer of the records as evidence, the driver "waived his claim to more explicit proof of the contents of the implied consent warnings." *Id.* at 380. The Western District reversed the judgment of the trial court.

■■■ In the instant case, Respondent did not object to the Director's admission of records pursuant to Section 302.312. Included in those records are portions of the forms which are nearly illegible. One portion clearly indicates it is labeled "Implied Consent," various boxes are checked, but the significant language describing the meaning of those boxes is unclear. In that same portion of the form, the word "refused" is written. Later in the records, Officer writes a narrative in which he states he read the implied consent law to Respondent and Respondent refused. Thus, the Director made a prima facie case

and the burden to rebut that case shifts to Respondent. Respondent offered no evidence and no objection. Like in *Gibson,* there was evidence supporting the fact Respondent was informed properly regarding the implied consent warnings, and Respondent offered no contrary evidence.

Therefore, we reverse the trial court's judgment and remand this cause for a reinstatement of the revocation.

GLENN A. NORTON, J., and BOOKER T. SHAW, J., concur.