Matthew J. FRASHER, by Next Friend
Myrtle AUTENRIETH, Respondent,

v.

James Ray WHITSELL, Appellant.

No. WD 44917.

Missouri Court of Appeals,
Western District.

June 23, 1992.

Cyril M. Hendricks, W. Keith Currie, Jefferson City, for appellant.

Patricia S. Joyce, Asst. Pros. Atty., Jefferson City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Rita Frasher, mother of Matthew J. Frasher, filed a petition on July 17, 1990. She sought a determination that James Ray Whitsell was Matthew's father. She also asked for custody of the child, child support, and reimbursement for support provided by the State of Missouri.

Rita Frasher died before trial. The court was advised of her death on November 5, 1990, but no formal suggestion of death was filed with the court. The court appointed Myrtle Autenrieth, Frasher's mother, to be guardian ad litem for Matthew Frasher and recorded its action on its docket sheet in this manner:

> 12/03/90 Parties appear; Motion for Appointment of Guardian ad Litem; Myrtle Autenrieth appointed next friend of minor Petitioner for purpose of further prosecuting such action[.]

After a hearing on April 3, 1991, the trial court found that Whitsell was Matthew's father and that Autenrieth was entitled to have care, custody and control of Matthew.

The court convened a second hearing on May 16, 1991, to consider the petition's request for child support. The court entered judgment against Whitsell and ordered him to pay $500 per month in child support and to reimburse the State of Missouri $2748.66 in state aid to Matthew.

Whitsell appeals, raising three points of error. Whitsell contends in his first point that, because no new party was substituted after Frasher's death, the trial court should not have ordered him to pay child support or to reimburse the state.

Whitsell did not provide the transcript of the support hearing to this court. Without this transcript, we are unable to determine whether Whitsell objected to evidence relevant to child support or, as the respondent contends, impliedly consented to amending the pleadings to include a claim of child support for Matthew by Autenrieth.

■ It is an appellant's duty to file a transcript and to prepare a legal file so the record contains all the necessary evidence for our determination. *Cain v. Richart,* 781 S.W.2d 265 (Mo.App.1989); Rule 81.12. Because of the transcript's absence, we find that Whitsell failed to show prejudicial error.

■ Whitsell next contends that, because Lena Paul was present in the courtroom after the court invoked the rule to exclude witnesses, the trial court should not have allowed her to testify. The decision to permit a witness who has violated the rule of exclusion to testify is within the trial court's sound discretion. *Burnam v. Chicago Great Western R. Co.,* 340 Mo. 25, 100 S.W.2d 858, 863 (1936); *Stanford v. Morgan,* 588 S.W.2d 89 (Mo.App.1979); *Riney v. Zenith Radio Corp.,* 668 S.W.2d 610 (Mo.App.1984). Violation of the rule does not, by itself, establish an abuse of discretion; there must be a clear showing of abuse and prejudice as a result of the trial court's ruling. *Spaunhorst v. Spaunhorst,* 650 S.W.2d 650, 655 (Mo.App.1983).

■ Whitsell did not assert any prejudice to the trial court. He stated only, "... I have observed the witness ... in the courtroom during the proceeding. And I feel that she should continue to be excluded and not be allowed to testify." Whitsell argued no specific grounds for prejudice. His failure to supply specific reasons is an insufficient showing of prejudice. *Id.* at 655.

We fail to discern any prejudice. The only testimony which occurred while Paul was present concerned how blood tests were performed. Paul's testimony did not involve blood samples or testing.

In his final point, Whitsell argues that the trial court erroneously let Paul and Autenrieth testify that Frasher told them that Whitsell was Matthew's father. The trial court permitted the hearsay because Whitsell had testified and, under § 491.010.2, RSMo 1986,[1] the hearsay should not be excluded. Whitsell did not testify voluntarily; the respondent called him as an adverse witness. Whitsell made clear at the outset of his testimony that he was testifying only because the respondent called him as a witness; he did not intend to waive any objection to hearsay.

We agree that the trial court wrongly permitted the hearsay testimony. A party cannot invoke the waiver of § 491.010 by putting the adverse party on the witness stand and eliciting testimony about the transaction, if the attorney for the adverse party makes a proper and timely objection.[2] Whitsell fails, however, to prove prejudice from the error.

"[I]n a court-tried case it is practically impossible to predicate reversible error on the erroneous admission of evidence. ... The party making that contention must demonstrate the absence of sufficient competent evidence to support the challenged judgment." *Estate of Helmich*, 731 S.W.2d 474, 479 (Mo.App.1987) (citation omitted). Whitsell does not meet that burden.

The trial court received evidence that blood tests established a 99.57 percent probability that Whitsell was Matthew's father. Autenrieth testified that her bedroom was next to Frasher's and that she had heard Frasher and Whitsell engaging in sexual intercourse several times during June to August, 1988. Although Whitsell denied having sexual intercourse with Frasher, he admitted that he attempted to have sex with her during the pertinent period. We conclude that these facts were sufficient evidence to support the trial court's judgment.

For these reasons, we affirm the trial court's judgment.

All concur.

---

1. That statute provides, "In any [civil] suit ... where one of the parties to the ... occurrence or cause of action ... is dead ..., and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party or agent ... shall not be excluded as hearsay[.]"

2. This court reached the same conclusion in *Fix v. Fix*, WD 44529, slip op. at 10 (May 26, 1992); however, that case was not final when we issued this opinion.