In re the MARRIAGE OF Millard Raymond BRITTON and Jan Ellen Crist Millard Raymond Britton, Petitioner–Respondent,

and

Jan Ellen Crist, Respondent–Appellant.

No. 21629.

Missouri Court of Appeals, Southern District, Division One.

June 5, 1998.

Philip O. Willoughby, Keleher & Eastman, Gladstone, Kansas City, for Appellant.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for Respondent.

PREWITT, Judge.

Jan Ellen Crist appeals from a judgment and decree dissolving the parties' marriage. She presents two points relied on. In her first point, she contends that the court erred

in not finding that the parties entered into a common law marriage in Texas. For her second point, she asserts that the court erred in awarding a certain amount to Mr. Britton as non-marital interest in the marital home because the evidence established an amount $15,000 less than that awarded him by the trial court.

In her brief she summarizes her arguments as follows:

The parties cohabitated as husband and wife in Texas beginning in December, 1985, or 1986, held themselves out to be husband and wife, and had an agreement to marry. These facts constitute a common law marriage in Texas. Instead, the Trial Court used the formal ceremony date of April 19,1988 as the date of marriage, prejudicing Appellant due to the Court wanting to award the parties an equal amount of marital property.

Even if the Court fails to find a common law marriage, the Trial Court erred in allowing Respondent a $42,938 non-marital interest in the marital home when the Respondent testified he only invested $27,938 of non-marital assets in the marital home. Further, the Trial Court's own calculations do not compute to the final award.

Review of a non-jury case is under Rule 73.01(c). For the interpretation of that rule, see *In Re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

■ The existence of a common law marriage "is a fact question with the burden of proof on the party seeking to establish the existence of the marriage by a preponderance of the evidence." *Welch v. State*, 908 S.W.2d 258, 265 (Tex.App.1995). The trial court has considerable discretion in the division of property and the party challenging that division has the burden of overcoming the presumption. *Alexander v. Alexander*, 956 S.W.2d 957, 960 (Mo.App.1997); *In Re Marriage of Jennings*, 910 S.W.2d 760, 765 (Mo.App.1995).

■ Respondent denied that the parties had entered into a common law marriage, and apparently the trial court agreed. It stated that the parties were married on the date of a formal ceremony in Las Vegas and apparently its determination of what was non-marital and marital property was based on the date of the formal ceremony. Respondent contended that previous to the formal ceremony that they were just "shacking up." Respondent did admit that he filed federal income tax returns in 1986 and 1987 which indicated that Appellant was his spouse. Respondent said he felt he should be able to claim her as a dependent because he was supporting her and that he had lied on the tax return by showing her as his spouse.

Based on the testimony of the parties, it appears that the trial court could have found either way, but agreed with Respondent. Deferring to the trial court on the issue of credibility, that finding is supported by the evidence.

A further opinion would have no precedential value. The trial court's finding on this issue is supported by substantial evidence and is not against the weight of the evidence and no error of law appears. The finding as to the marriage of the parties is affirmed, in accordance with Rules 84.16(b)(1) and (5).

■ Turning now to the second point. The judgment entered June 3, 1997, recites: "The non-marital and marital property and debt shall be set aside and divided as shown on the Court's Exhibit A as amended April 22, 1997, attached hereto and made a part hereof as set out in the column entitled Court's Award...." Exhibit A is not attached to the judgment in the legal file, although Exhibits B and C are attached. Notice of appeal was filed on April 21, 1997, following the court's initial indication of its findings. These findings were modified prior to the entering of a final judgment. Attached to the notice of appeal filed here, but not included in the legal file, is an Exhibit A. However, it may not be the document referred to in the judgment, as the judgment recites that Exhibit A was amended on the day after the filing of the notice of appeal.

Appellant contends that the court's determination was not supported by the evidence and that the court miscalculated Respondent's non-marital interest in the property, even if the evidence supports an award of $15,000 more than what Appellant asserts. Without having the Exhibit A attached to the judgment before us, it is impossible to determine what calculations the court made regarding non-marital property and whether or not the calculations are supported by the evidence or are otherwise erroneous.

■ "It is an appellant's duty to file a transcript and to prepare a legal file so the record contains all the necessary evidence for our determination." *Frasher v. Whitsell*, 832 S.W.2d 18, 19 (Mo.App.1992). *See also Page v. Associated Couriers, Inc.*, 868 S.W.2d 138, 140 (Mo.App.1993)(appellant must furnish transcript containing a record of proceedings for which review is sought); *King v. Director of Revenue*, 952 S.W.2d 312, 314 (Mo.App.1997)(appellant must prepare and file a transcript and legal file containing the information necessary for the appellate court to determine the issues raised). On the record before us we cannot, with assurance, find error as claimed by Point II. As the legal file is not sufficient to review Point II, that point is not preserved and consequently is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.