In re the **MARRIAGE OF Sandra Anne JENNINGS and William Glenwood Jennings.**

**Sandra Anne Jennings, Petitioner–Appellant,**

and

**William Glenwood Jennings, Respondent–Respondent.**

**No. 22504.**

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 1999.

Henry S. Clapper, Monett, Mo., for Appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Presiding Judge.

Petitioner appeals following the trial court's entry of an "Amended Judgment and Decree of Dissolution of Marriage." The points in her brief assert that the trial court erred in awarding primary physical custody of the minor children to Respondent, in awarding child support against her, and in certain calculations regarding the division of marital property.[1]

Following trial, the judge entered, on April 24, 1998, a "Judgment and Decree of Dissolution of Marriage." In that judgment, Petitioner was designated as "primary physical custodian" of the two daughters born to the marriage. Thereafter, Petitioner timely filed a motion for new trial, contending the court erred in several particulars, including the calculations pertaining to marital property presented here. Following a hearing on the motion, the trial court made an entry on the docket sheet that the "[m]otion is sustained as a Motion to Amend Judgment. Court recognizes need to amend judgment to calculate child support in light of Supreme Court's suspension of new Form 14 guidelines and/or instructions."

At no time did Respondent seek any relief from the judgment but did file a motion for an order to show cause, contending that Petitioner should be held in contempt for refusing to vacate the marital home which was awarded to him. On July 17, 1998, the motion for an order to show cause was heard and neither Petitioner nor her attorney appeared, although her attorney had filed a motion for continuance. On that date, the motion for continuance was denied and the motion for contempt sustained. Petitioner was ordered to vacate the residence within ten days and a per diem fine was levied for failure to do

so. Respondent was also awarded $200.00 attorney's fees against Petitioner for having to bring the motion "to enforce the Court's judgment." Also on that date, the court requested that counsel for Respondent prepare an amended judgment, which was filed July 20, 1998.

■ Under the provisions of Rule 75.01, the trial court may, on its own initiative, make changes or amendments to a judgment during a period of thirty days following its initial entry. *State ex rel. Cooper v. Curless*, 986 S.W.2d 948, 949 (Mo.App. 1999). "After the thirty-day period provided in Rule 75.01, the trial court's jurisdiction over the judgment is confined to relief sought by a party and for the reasons presented in the parties' pleadings." *Id.*

■ Here, Respondent did not challenge or seek to change the judgment as to custody, child support, or in any particular, but sought to enforce it as to possession of the marital home. Petitioner sought certain changes in the judgment, but those had nothing to do with a change in primary physical custody of the minor children. We therefore conclude that the trial court had no jurisdiction and erred in changing primary physical custody from Petitioner to Respondent. It also follows that the assessment of child support payments against Petitioner was improper and beyond the trial court's authority to make at the time the amended judgment was entered. However, the trial court must, as indicated in its ruling on Petitioner's motion for new trial, determine or recalculate the amount of child support to be awarded Petitioner from Respondent.

■ On the record before us, it is not possible to determine whether the court erred in its calculation pertaining to the division of marital property, as Appellant contends in Point III. Both the initial judg-

---

1. Respondent has filed no brief. While there is no penalty for that omission, we must adjudicate Appellant's claim of error without the benefit of whatever argument, if any, Respon-

dent could have made in response to it. *Sherrod v. Director of Revenue*, 937 S.W.2d 751, 752 (Mo.App.1997).

ment and the "Amended Judgment" state that "[a]ll other and further distribution and award of property, marital and non-marital, is made in accordance with Petitioner's Exhibit A, hereto attached and at this point incorporated" into the decree. The parties' real estate had previously been divided in the decree, and apparently the remainder of the parties' property was divided in accordance with the attached Exhibit A. As we read Petitioner's brief, it is in Exhibit A that she claims the miscalculations occurred. As Exhibit A is not in the record before us, it is not possible to determine if the errors alleged occurred.

A situation similar to this was reflected in the legal file of *In re Marriage of Britton*, 970 S.W.2d 389 (Mo.App.1998). There, an exhibit apparently attached to the judgment listed the division of property. It was not attached to the judgment in the legal file. After stating that the party appealing must file a record sufficient for this Court to make a determination if error occurred, and, as that had not been done and the point was not preserved, this Court denied the point. 970 S.W.2d at 391. Here, we must rule likewise. Point III is denied.

The "Amended Judgment" is affirmed except for the portions purporting to grant primary legal custody to Respondent and assessing child support against Petitioner which are reversed, and the cause is remanded to the trial court to amend the said Amended Judgment in the particulars stated in this opinion and for other proceedings consistent with this Court's decision herein.

CROW, J., and PARRISH, J., concur.